JOSEPH BIGELOW & Wife *vs.* THE INHABITANTS OF RUTLAND.

In an action against a town for an injury occasioned by a defect in a highway, the question whether or not there was negligence, or want of ordinary care, on the part of the plaintiff, is to be determined by the jury, under all the circumstances of the case.

IN this case, which was argued in this court by *C. Allen*, for the defendants, and *W. A. Bryant*, for the plaintiffs, on exceptions to the ruling of *Hopkinson*, J., before whom it was tried in the court of common pleas, the facts appear in the opinion of the court.

FLETCHER, J. This is an action on the case, for damages alleged to have been sustained by the plaintiffs, by a defect in a highway in the town of Rutland, which, it was agreed, the defendants were bound to keep in repair. The injury was occasioned by the wheels on one side of the plaintiffs' carriage running into a ditch on one side of the travelled part of the highway, by means of which the wife was thrown out and injured. There was evidence, that, just before the accident, the husband had left the carriage and placed the reins in the hands of his wife, and that the reins were improperly held by her, being crossed as she received and held them.

The counsel for the defendants requested the presiding judge to instruct the jury, that if they should find that the

way was unsafe by reason of the ditch, and should be satis-fied also that the horse was guided out of the travelled way into the ditch, in consequence of the reins having been acci-dentally crossed when they were delivered by the said Joseph to his wife, and that thus the accident occurred, the defendants would not be liable for the damage which the plaintiffs sus-tained. The presiding judge declined so to instruct the jury, and left the question, whether the plaintiffs were using ordi-nary care, to the jury, as one of fact to be determined by them, they having reference to all the circumstances connect-ed with the transaction, and to find whether there was a want of ordinary care, by the said Joseph or his wife, in so handling, taking, or holding the reins.

The principles of law applicable to this case are well set-tled and very familiar. The plaintiffs must show, that there was no want of ordinary care on their part; that there was negligence on the part of the town, in the performance of their duty, to keep the highway in a safe and proper con-dition; and that the plaintiffs were injured, as alleged, by reason of this negligence on the part of the town. Want of due care is imputed to the plaintiffs, in the present case, on the ground that the reins were crossed when they were delivered by the husband to the wife, and that the wife thus held them, and in consequence misguided the horse.

The case expressly finds, that the manner in which the reins were delivered by the husband to the wife was acci-dental. So far as appears from the report, there might or might not have been culpable negligence, or want of ordinary care, on the part of the plaintiffs, in handling, taking and holding the reins.

If the accident happened by reason of the reins being crossed when delivered to the wife, that is expressly found to have been accidental. The reins may become crossed even in the hands of prudent and careful persons; so there might or might not have been a want of ordinary care, on the part of the wife, in guiding the horse. Whether or not, under all the circumstances of the case, there was any negligence or want of ordinary care, on the part of the plaintiffs, was a

matter to be inquired of and ascertained by the jury. The court was, in effect, asked to determine the question of ordinary care; but all the court could do, was to instruct the jury to consider and determine that question, upon all the evidence before them. This instruction was fully given, and to this there is no exception.

The exceptions, therefore, must be overruled, and judgment rendered on the verdict.